**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| USTA TECHNOLOGY, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>COMCAST CABLE COMMUNICATIONS, LLC D/B/A XFINITY, COMCAST BUSINESS COMMUNICATIONS LLC, and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC<br><br>Defendants. | Case No. 4:25-cv-819<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' ANSWER AND DEFENSES TO**
**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendants, Comcast Cable Communications, LLC, Comcast Business Communications, LLC, and Comcast Cable Communications Management, LLC (collectively "Defendants" or "Comcast"), by and through their attorneys, Duane Morris LLP, hereby answer Plaintiff's Complaint for Patent Infringement, as follows:

## NATURE OF THE ACTION

1. Comcast admits that the Complaint purports to set forth an action for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code, but denies that there are any factual or legal bases for Plaintiff's claims.

## THE PARTIES

2. Comcast lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the Complaint and, on that basis, denies them.

3. Comcast Corporation was dismissed from the case. Accordingly, paragraph 2 of the Complaint requires no response. In addition, none of the responses in this Answer are made with respect to Comcast Corporation.

4. Comcast Cable Communications, LLC admits that Comcast Cable Communications, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at One Comcast Center, 1701 JFK Boulevard, Philadelphia, Pennsylvania 19103. Comcast Cable Communications, LLC does not contest personal service for the purpose of this action. Comcast denies the remaining allegations of paragraph 4 of the Complaint.

5. Comcast Business Communications, LLC admits that Comcast Business Communications, LLC is a limited liability company organized and existing under the laws of the State of Pennsylvania, with a principal place of business at One Comcast Center, 1701 JFK Boulevard, Philadelphia, Pennsylvania 19103. Comcast Business Communications, LLC does not contest personal service for the purpose of this action. Comcast denies the remaining allegations of paragraph 5 of the Complaint.

6. Comcast Enterprise Services, LLC was dismissed from the case. Accordingly, paragraph 6 of the Complaint requires no response. In addition, none of the responses in this Answer are made with respect to Comcast Enterprise Services, LLC.

7. Comcast Cable Communications Management, LLC admits that Comcast Cable Communications Management, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at One Comcast Center, 1701 JFK Boulevard, Philadelphia, Pennsylvania 19103. Comcast Cable Communications

Management, LLC does not contest personal service for the purpose of this action. Comcast denies the remaining allegations of paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint does not contain allegations requiring a response. Comcast admits only that the Complaint refers to all Defendants collectively as "Comcast" or "Defendants" and that this Answer does the same. Comcast Corporation and Comcast Enterprise Services, LLC have been dismissed from this case, and accordingly, none of the responses in this Answer to an allegation regarding "Defendants" are made with respect to Comcast Corporation and Comcast Enterprise Services, LLC.

9. The allegations of paragraph 9 of the Complaint are legal conclusions to which no response is required and are therefore denied. Comcast specifically denies that Comcast Corporation and Comcast Enterprise Services, LLC are proper parties to this action. All further allegations of paragraph 9 of the Complaint are denied.

## JURISDICTION AND VENUE

10. Comcast admits that the Complaint purports to set forth an action for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code, but denies that there are any factual or legal bases for Plaintiff's claims.

11. The allegations of paragraph 11 of the Complaint contain legal conclusions that require no response and are therefore denied. To the extent a response is required, Comcast admits that this Court has subject matter jurisdiction over such actions but denies that there are any factual or legal bases for Plaintiff's claims.

12. The allegations of paragraph 12 of the Complaint contain legal conclusions that require no response and are therefore denied. For purposes of this action only, Comcast does not contest specific jurisdiction under 28 U.S.C. § 1400. Comcast denies general jurisdiction under 28

U.S.C. § 1400 on the basis that Comcast Cable Communications, LLC, Comcast Business Communications, LLC, and Comcast Cable Communications Management, LLC are not incorporated in or headquartered in the State of Texas. Comcast denies the remaining allegations of paragraph 12 of the Complaint.

13. The allegations of paragraph 13 of the Complaint contain legal conclusions that require no response and are therefore denied.

14. The allegations of paragraph 14 of the Complaint contain legal conclusions that require no response and are therefore denied. To the extent a further response is required, Comcast denies that the allegations establish that venue is proper in this judicial district for this action. All other allegations of paragraph 14 of the Complaint are denied.

15. Comcast denies that it "maintains a permanent physical presence within the Eastern District of Texas." Comcast admits only that it is associated with the address at 2740 N. Dallas Parkway, Plano, Texas 75093. Comcast denies the remaining allegations of paragraph 15 of the Complaint.

## BACKGROUND

16. Comcast admits that a copy of U.S. Patent No. RE47,720 is attached to the Complaint as Exhibit 1. Comcast lacks knowledge or information sufficient to form a belief about the truth of the remainder of allegations in paragraph 16 of the Complaint and, on that basis, denies them.

17. To the extent the allegations of paragraph 17 purport to characterize the contents of a written document, the document speaks for itself, and Comcast denies those characterizations. To the extent a further response is required, Comcast lacks knowledge or information sufficient to

form a belief about the truth of the allegations in paragraph 17 of the Complaint and, on that basis, denies them.

18. To the extent the allegations of paragraph 18 purport to characterize the contents of a written document, the document speaks for itself, and Comcast denies those characterizations. To the extent a further response is required, Comcast lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 of the Complaint and, on that basis, denies them.

19. To the extent the allegations of paragraph 19 purport to characterize the contents of a written document, the document speaks for itself, and Comcast denies those characterizations. To the extent a further response is required, Comcast lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 of the Complaint and, on that basis, denies them.

20. To the extent the allegations of paragraph 20 purport to characterize the contents of a written document, the document speaks for itself, and Comcast denies those characterizations. To the extent a further response is required, Comcast lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 of the Complaint and, on that basis, denies them.

21. To the extent the allegations of paragraph 21 purport to characterize the contents of a written document, the document speaks for itself, and Comcast denies those characterizations. To the extent a further response is required, Comcast lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 of the Complaint and, on that basis, denies them.

22. To the extent the allegations of paragraph 22 purport to characterize the contents of a written document, the document speaks for itself, and Comcast denies those characterizations. To the extent a further response is required, Comcast lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 of the Complaint and, on that basis, denies them.

23. To the extent the allegations of paragraph 23 purport to characterize the contents of a written document, the document speaks for itself, and Comcast denies those characterizations. To the extent a further response is required, Comcast lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 of the Complaint and, on that basis, denies them.

24. The allegations of paragraph 24 of the Complaint are legal conclusions to which no response is required and are therefore denied. To the extent a further response is required, Comcast denies the allegations of paragraph 24 of the Complaint.

25. The allegations of paragraph 25 of the Complaint are legal conclusions to which no response is required and are therefore denied. To the extent a further response is required, Comcast denies the allegations of paragraph 25 of the Complaint.

26. The allegations of paragraph 26 of the Complaint are legal conclusions to which no response is required and are therefore denied. To the extent a further response is required, Comcast denies the allegations of paragraph 26 of the Complaint.

27. The allegations of paragraph 27 of the Complaint are legal conclusions to which no response is required and are therefore denied. To the extent a further response is required, Comcast denies the allegations of paragraph 27 of the Complaint.

28. Comcast admits that the Institute of Electrical and Electronics Engineers is a standards-development organization for a range of disciplines. Comcast lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 28 of the Complaint and, on that basis, denies them.

29. Comcast lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 of the Complaint and, on that basis, denies them.

30. Comcast admits that the IEEE 802.11 is an Institute of Electrical and Electronics Engineers standard. Comcast lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 30 of the Complaint and, on that basis, denies them.

31. Comcast admits that IEEE 802.11 has amendments. Comcast lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 31 of the Complaint and, on that basis, denies them.

32. Comcast admits that IEEE 802.11 has amendments. Comcast lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 32 of the Complaint and, on that basis, denies them.

33. Comcast admits that IEEE 802.11 has amendments. Comcast lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 33 of the Complaint and, on that basis, denies them.

34. Comcast lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 of the Complaint and, on that basis, denies them.

35. Comcast lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 of the Complaint and, on that basis, denies them.

**COUNT I**

([ALLEGED] INFRINGEMENT OF U.S. PATENT NO. RE47,720)

36. No response is required to Plaintiff's reference and incorporation of paragraphs 1-35 the Complaint. To the extent a response is required, Comcast repeats and incorporates by reference, as if fully set forth herein, its answers to paragraphs 1-35 of the Complaint, as set forth above.

37. Comcast admits that the face of RE47,720 ("the '720 Patent") states that it is titled "Spectrum-Adaptive Networking" and that it bears a re-issue date of November 5, 2019. Comcast denies that the '720 Patent was duly and legally issued. Any remaining allegations of paragraph 37 of the Complaint are denied.

38. Comcast lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Complaint and therefore denies them.

39. To the extent the allegations of paragraph 39 of the Complaint purport to characterize the contents of a written document, that document speaks for itself, and the allegations are denied. The remaining allegations of paragraph 39 are legal conclusions to which no response is required and are therefore denied.

40. Comcast denies the allegations of paragraph 40 of the Complaint.

41. Comcast admits that it offers the Comcast Business Wireless Gateway, Comcast Business Router, and Comcast xFi Gateway families of products and that it provides WiFi hotspots. Comcast denies the remaining allegations of paragraph 41 of the Complaint.

42. Comcast admits that the Complaint purports to identify certain products as Accused Instrumentalities. Comcast denies that any of its products or processes infringe the '720 Patent. All remaining allegations of paragraph 42 of the Complaint are denied.

43. Comcast denies the allegations of paragraph 43 of the Complaint.

44. Comcast admits that Exhibit 2 to the Complaint purports to be a claim chart for the ’720 Patent. Comcast denies all remaining allegations of paragraph 44 of the Complaint.

45. Comcast denies the allegations of paragraph 45 of the Complaint.

46. Comcast denies the allegations of paragraph 46 of the Complaint.

47. Comcast denies the allegations of paragraph 47 of the Complaint.

48. Comcast denies the allegations of paragraph 48 of the Complaint.

49. Comcast denies the allegations of paragraph 49 of the Complaint.

50. The allegations of paragraph 50 of the Complaint are legal conclusions to which no response is required and are therefore denied. To the extent a further response is required, Comcast denies the allegations of paragraph 50 of the Complaint.

51. The allegations of paragraph 51 of the Complaint are legal conclusions to which no response is required and are therefore denied. To the extent a further response is required, Comcast admits only that it received a letter dated November 7, 2022 from Mr. Andrew Gordon to Ms. Lynn Charytan. To the extent the allegations of paragraph 51 of the Complaint purport to characterize the contents of a written document, that document speaks for itself, and the allegations are denied. Comcast denies the remaining allegations of paragraph 51 of the Complaint.

52. Comcast denies the allegations of paragraph 52 of the Complaint.

53. Comcast denies the allegations of paragraph 53 of the Complaint.

54. Comcast denies the allegations of paragraph 54 of the Complaint.

55. Comcast denies the allegations of paragraph 55 of the Complaint.

56. Comcast denies the allegations of paragraph 56 of the Complaint.

## JURY DEMAND

Comcast admits that Plaintiff requests a trial by jury. Comcast similarly requests a trial by jury.

## PRAYER FOR RELIEF

Comcast denies that Plaintiff is entitled to any relief from Comcast, whether sought in the Prayer for Relief or otherwise.

## DEFENSES

To the extent not expressly admitted above, the factual allegations contained in the Complaint are denied. Subject to the responses above, and without conceding that any of the following defenses must necessarily be plead, or that any such defenses are not already at issue by virtue of the foregoing denials, Comcast asserts the following defenses. In raising such defenses, Comcast does not agree or concede that they bear the burden of proof when such burden would otherwise be on Plaintiff. In addition to the defenses described below, Comcast reserves the right to amend this Answer and Defenses as additional information is obtained.

### First Defense – Non-Infringement

Comcast has not infringed and does not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the ’720 Patent.

### Second Defense – Invalidity

All of the claims of the ’720 Patent are invalid and unenforceable pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101 (lack of patentable subject matter), 102 (anticipation), 103 (obviousness), and/or 112 (indefiniteness, failure to claim the subject matter regarded as the invention, and failure to satisfy the written description and/or enablement requirements).

**Third Defense – Prosecution History Estoppel and Disclaimer**

To the extent Plaintiffs allege infringement under the doctrine of equivalents, Plaintiff's claims for relief are barred, in whole or in part, by the doctrines of prosecution history estoppel, claim vitiation, recapture, and disclaimer, in particular based on statements or arguments made during prosecution of the relevant patent applications before the United States Patent and Trademark Office and/or during prosecution of the applications related to the '720 Patent.

**Fourth Defense – Equitable Defenses**

Plaintiff's claims are barred, in whole or in part, by equitable doctrines, including the doctrines of waiver, acquiescence, equitable estoppel, prosecution laches, unclean hands, and/or other equitable doctrines.

**Fifth Defense – Limitation on Damages and Costs**

Plaintiff's claims for damages are limited or barred, in whole or part, to the extent any of the claims are subject to the statutory limitations on damages or costs set forth in 35 U.S.C. §§ 286, 287, or 288.

**Sixth Defense – Failure to Mark or Provide Notice**

Plaintiff's claims for damages are barred, in whole or in part, to the extent Plaintiff, its predecessors-in-interest, or its licensees failed to give notice of any products that purport to practice the patents-in-suit by marking such products or otherwise notifying Comcast of the alleged infringement as required by 35 U.S.C. § 287.

**Seventh Defense – Government Contractor**

To the extent that the Complaint accuses products or services that are provided by or for the government of the United States of America, there is no jurisdiction over such claims, pursuant to 28 U.S.C. § 1498(a), outside of the U.S. Court of Federal Claims.

**Eighth Defense – License**

Plaintiff's claims are limited by licenses and covenants not to sue, express and/or implied, and/or exhaustions and releases, that cover the accused products, product combinations, and processes.

**Ninth Defense – Ensnarement**

Plaintiff cannot allege that the claims of the '720 Patent are broad enough that an accused product or act would be found to infringe under the doctrine of equivalents because such a construction would ensnare the prior art rendering the claims invalid in view of the prior art.

**Tenth Defense – Collateral Estoppel/Issue Preclusion**

Plaintiff's claims are barred in whole or in part by collateral estoppel, also known as issue preclusion, to the extent that Plaintiff accuses identical functionality of infringing the Asserted Patents in parallel litigation. To the extent these parallel cases result in a judgment of non-infringement or invalidity, Plaintiff is barred from litigating the same issue in the instant case.

**Eleventh Defense – FRAND Limitations**

To the extent Plaintiff's claims of infringement relate to an industry standard that carries with it an obligation to license on fair, reasonable, and non-discriminatory ("FRAND") terms, or an inventor or any patentee made a commitment to license the asserted patent pursuant to FRAND terms, Plaintiff's monetary relief is limited by such obligations.

**Twelfth Defense – Intervening Rights**

Plaintiff's claims are barred in whole or in part by the doctrine of intervening rights including both absolute and equitable intervening rights under 35 U.S.C. § 252.

**Reservation of Rights**

Comcast is presently investigating the facts relating to the procurement of the '720 Patent and the assertions of infringement against Comcast and will continue to do so throughout the discovery process. To the extent that this investigation reveals any improprieties in connection with such matters, Comcast reserves the right to seek leave to amend to assert such allegations and/or defenses based thereon that may be appropriate.

In addition to the defenses described above, Comcast reserves all defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States and any other defenses, at law or in equity, which may now exist or in the future become available based on discovery and further factual investigation in this case.

Dated: October 6, 2025

Respectfully submitted,

*/s/ Matthew C. Gaudet*

Matthew C. Gaudet
MCGaudet@duanemorris.com
David C. Dotson
DCDotson@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree Street NE, Suite 1700
Atlanta, GA 30309-3929
Telephone: (404) 253.6900
Facsimile: (404) 393.6901

Tia D. Fenton
TDFenton@duanemorris.com
**DUANE MORRIS LLP**
901 New York Avenue N.W., Suite 700 East
Washington, DC 20001-4795
Telephone: (202) 776-7800
Facsimile: (202) 776-7801

Brianna M. Vinci

BVinci@duanemorris.com
Richard Hughes
RHughes@duanemorris.com
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1000
Facsimile: (215) 979-1020

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*<u>/s/ Matthew C. Gaudet</u>*
Matthew C. Gaudet